# EXHIBIT A

From: Centeno Jessica <JCenteno@JAMSADR.com>
To: tgies@crowell.com <tgies@crowell.com>; Eric N. Macey <EMacey@novackandmacey.com>
CC: FosterA@gtlaw.com <FosterA@gtlaw.com>; Margaret Shaw <margaretshaw@mindspring.com>; Johnson Marvin <MarvinJohnson@JAMSADR.com>; Harrison Stacey <SHarrison@JAMSADR.com>
Sent: Tue Jul 12 09:52:31 2005
Subject: Preliminary Call~ Fitzpatrick, Thomas, et al. vs. General Growth Properties

Dear Parties:

This will confirm that a Preliminary Hearing Conference Call in the above-referenced matter has been scheduled as follows:

       Date:           Friday, July 22, 2005 at 10am EST

       Panelist:       Margaret Shaw, Esq.

All participants shall dial 1-877-696-5267. Indicate Margaret Shaw as the call moderator on the above date and time. You will then be connected to the conference call.

If you have any questions regarding the above, please feel free to contact me directly at 212-607-2755.

Thank you,

Jessica Centeno

Case Manager

JAMS, The Resolution Experts

280 Park Avenue, 28th Fl. West

New York, NY 10017

1

# EXHIBIT B

July 25, 2005

Thomas P. Gies
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595

Eric N. Macey
Novack and Macey
Suite 1500
303 West Madison Street
Chicago, Illinois 60606-3308

Dear Counsel,

Margaret Shaw received a message back from Judge Urbina's law clerk, Macrui Dostourian, and returned the call this morning. Ms. Dostourian informed Ms Shaw that she had spoken to the judge, who was on vacation last week and continues to be on vacation this week. The judge represented through Ms Dostourian that in light of the pending arbitration, while he had not yet received any motions in the case pending in his court, he would decide promptly a motion to stay the arbitration, a motion to dismiss the complaint, or any similar motion affecting our proceeding in our forum.

In light of this representation, we are unanimous in our view that we should defer to the court at this point so as not to cause duplicative effort and expense. If need be at some point in the future, we can contact the judge's law clerk again or reconsider our present course of action.

Sincerely,

Margaret Shaw
Allen Foster
Marvin Johnson, Arbitrators

# EXHIBIT C

# CPR Rules for Non-Administered Arbitration

1. (Revised and Effective September 15, 2000)

### A. GENERAL AND INTRODUCTORY RULES
Rule 1: Scope Of Application
Rule 2: Notices
Rule 3: Commencement Of Arbitration
Rule 4: Representation

### B. RULES WITH RESPECT TO THE TRIBUNAL
Rule 5: Selection Of Arbitrators By The Parties
Rule 6: Selection Of Arbitrator(s) By CPR
Rule 7: Qualifications, Challenges And Replacement Of Arbitrator(s)
Rule 8: Challenges To The Jurisdiction Of The Tribunal

### C. RULES WITH RESPECT TO THE CONDUCT OF THE ARBITRAL PROCEEDINGS
Rule 9: General Provisions
Rule 10: Applicable Laws And Remedies
Rule 11: Discovery
Rule 12: Evidence And Hearings
Rule 13: Interim Measures Of Protection
Rule 14: The Award

### D. MISCELLANEOUS RULES
Rule 15: Failure To Comply With Rules
Rule 16: Costs
Rule 17: Confidentiality
Rule 18: Settlement And Mediation
Rule 19: Actions Against CPR Or Arbitrator(s)
Rule 20: Waiver

---

### A. GENERAL AND INTRODUCTORY RULES

**Rule 1: Scope Of Application**

1.1 Where the parties to a contract have provided for arbitration under the CPR Institute for Dispute Resolution ("CPR") Rules for Non-Administered Arbitration (the "Rules"), or have provided for CPR arbitration without further specification, they shall be deemed to have made these Rules a part of their arbitration agreement, except to the extent that they have agreed in writing, or on the record during the course of the arbitral proceeding, to modify these Rules. Unless the parties otherwise agree, these Rules, and any amendment thereof adopted by CPR, shall apply in the form in effect at the time the arbitration is commenced.

1.2 These Rules shall govern the arbitration except that where any of these Rules is in conflict with a mandatory provision of applicable arbitration law, that provision of law shall prevail.

**Rule 2: Notices**

2.1 Notices or other communications required under these Rules shall be in writing and delivered to the address specified in writing by the recipient or, if no address has been specified, to the last known business or residence

address of the recipient. Notices and communications may be given by registered mail, courier, telex, facsimile transmission, or any other means of telecommunication that provides a record thereof. Notices and communications shall be deemed to be effective as of the date of receipt. Proof of transmission shall be deemed prima facie proof of receipt of any notice or communication given under these Rules.

2.2 Time periods specified by these Rules or established by the Arbitral Tribunal (the "Tribunal") shall start to run on the day following the day when a notice or communication is received, unless the Tribunal shall specifically provide otherwise. If the last day of such period is an official holiday or a nonbusiness day at the place where the notice or communication is received, the period is extended until the first business day which follows. Official holidays and non-business days occurring during the running of the period of time are included in calculating the period.

**Rule 3: Commencement Of Arbitration**

3.1 The party commencing arbitration (the "Claimant") shall address to the other party (the "Respondent") a notice of arbitration.

3.2 The arbitration shall be deemed commenced as to any Respondent on the date on which the notice of arbitration is received by the Respondent.

3.3 The notice of arbitration shall include in the text or in attachments thereto:

   a. The full names, descriptions and addresses of the parties;

   b. A demand that the dispute be referred to arbitration pursuant to the Rules;

   c. The text of the arbitration clause or the separate arbitration agreement that is involved;

   d. A statement of the general nature of the Claimant's claim;

   e. The relief or remedy sought; and

   f. The name and address of the arbitrator appointed by the Claimant, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

3.4 Within 20 days after receipt of the notice of arbitration, the Respondent shall deliver to the Claimant a notice of defense. Failure to deliver a notice of defense shall not delay the arbitration; in the event of such failure, all claims set forth in the demand shall be deemed denied. Failure to deliver a notice of defense shall not excuse the Respondent from notifying the Claimant in writing, within 20 days after receipt of the notice of arbitration, of the arbitrator appointed by the Respondent, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

3.5 The notice of defense shall include:

   a. Any comment on items (a), (b), and (c) of the notice of arbitration that the Respondent may deem appropriate;

   b. A statement of the general nature of the Respondent's defense; and

   c. The name and address of the arbitrator appointed by the Respondent, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

3.6 The Respondent may include in its notice of defense any counterclaim within the scope of the arbitration clause. If it does so, the counterclaim in the notice of defense shall include items (a), (b), (c), (d) and (e) of Rule 3.3.

3.7 If a counterclaim is asserted, within 20 days after receipt of the notice of defense, the Claimant shall deliver to the Respondent a reply to counterclaim which shall have the same elements as provided in Rule 3.5 for the notice of defense. Failure to deliver a reply to counterclaim shall not delay the arbitration; in the event of such failure, all counterclaims set forth in the notice of defense shall be deemed denied.

3.8 Claims or counterclaims within the scope of the arbitration clause may be freely added or amended prior to the establishment of the Tribunal and thereafter with the consent of the Tribunal. Notices of defense or replies to amended claims or counterclaims shall be delivered within 20 days after the addition or amendment.

3.9 If a dispute is submitted to arbitration pursuant to a submission agreement, this Rule 3 shall apply to the extent that it is not inconsistent with the submission agreement.

**Rule 4: Representation**

4.1 The parties may be represented or assisted by persons of their choice.

4.2 Each party shall communicate the name, address and function of such persons in writing to the other party and to the Tribunal

**B. RULES WITH RESPECT TO THE TRIBUNAL**

**Rule 5: Selection Of Arbitrators By The Parties**

5.1 Unless the parties have agreed in writing on a Tribunal consisting of a sole arbitrator or of three arbitrators not appointed by parties or appointed as provided in Rule 5.4, the Tribunal shall consist of two arbitrators, one appointed by each of the parties as provided in Rules 3.3 and 3.5, and a third arbitrator who shall chair the Tribunal, selected as provided in Rule 5.2. Unless otherwise agreed, any arbitrator not appointed by a party shall be a member of the CPR Panels of Distinguished Neutrals ("CPR Panels").

5.2 Within 30 days of the appointment of the second arbitrator, the two party-appointed arbitrators shall appoint a third arbitrator, who shall chair the Tribunal. In the event the party-appointed arbitrators are unable to agree on the third arbitrator, the third arbitrator shall be selected as provided in Rule 6.

5.3 If the parties have agreed on a Tribunal consisting of a sole arbitrator or of three arbitrators none of whom shall be appointed by either party, the parties shall attempt jointly to select such arbitrator(s) within 30 days after the notice of defense provided for in Rule 3.4 is due. The parties may extend their selection process until one or both of them have concluded that a deadlock has been reached. In this event, the arbitrator(s) shall be selected as provided in Rule 6.

5.4 If the parties have agreed on a Tribunal consisting of three arbitrators, two of whom are to be designated by the parties without knowing which party designated each of them, as provided in this Rule 5.4, either party, following the expiration of the time period for the notice of defense, may request CPR in writing, with a copy to the other party, to conduct a "screened" selection of party-designated arbitrators as follows:

    a. CPR will provide each party with a copy of its CPR Panels list. Within 15 days thereafter, each party shall designate three candidates, in order of preference, from the CPR Panels as candidates for its party-designated arbitrator, and so notify CPR and the other party in writing.

    b. CPR will ask the first candidate so designated by each party to confirm his or her availability to serve as arbitrator and to disclose in writing any circumstances that might give rise to justifiable doubt regarding the candidate's independence or impartiality, as provided in Rule 7. CPR will circulate to the parties each candidate's completed disclosure form. A party may object to the appointment of any candidate on independent and impartial grounds by written and reasoned notice to CPR, with copy to the other party, within 10 days after receipt of that candidate's disclosure form. CPR shall decide the objection after providing the non-objecting party with an opportunity to comment on the objection. If there is no objection to the candidate, or if the objection is overruled by CPR, CPR shall appoint the candidate as arbitrator, and

any subsequent challenges of that arbitrator, based on circumstances subsequently learned, shall be made and decided in accordance with the procedures set forth in Rules 7.6 - 7.8.

c. If the first candidate designated by a party is unavailable, or if his or her independence or impartiality is successfully challenged, CPR will repeat the process provided in Rule 5.4(b) as to the subsequent candidates designated by that party, in order of the party's indicated preference. A party may designate additional candidates if the three candidates designated by that party are unavailable or do not meet the requirements of Rule 7.

d. Neither CPR nor the parties shall advise or otherwise provide any information or indication to any arbitrator candidate or arbitrator as to which party selected either of the party-designated arbitrators. No party or anyone acting on its behalf shall have any ex parte communications relating to the case with any arbitrator or arbitrator candidate designated or appointed pursuant to this Rule 5.4.

e. The chair of the Tribunal will be appointed by CPR in accordance with the procedure set forth in Rule 6.4, which shall proceed concurrently with the procedure for appointing the party-designated arbitrators provided in subsections (a) - (d) above.

f. The compensation of all members of the Tribunal appointed pursuant to Rule 5.4 shall be administered by the chair of the Tribunal in accordance with Rule 16.

5.5 Where the arbitration agreement entitles each party to appoint an arbitrator but there is more than one Claimant or Respondent to the dispute, and either the multiple Claimants or the multiple Respondents do not jointly appoint an arbitrator, CPR shall appoint all of the arbitrators as provided in Rule 6.4.

**Rule 6: Selection Of Arbitrator(s) By CPR**

6.1 Whenever (i) a party has failed to appoint the arbitrator to be appointed by it; (ii) the parties have failed to appoint the arbitrator(s) to be appointed by them acting jointly; (iii) the party-appointed arbitrators have failed to appoint the third arbitrator; (iv) the parties have provided that one or more arbitrators shall be appointed by CPR; or (v) the multi-party nature of the dispute calls for CPR to appoint all members of a three-member Tribunal pursuant to Rule 5.5, the arbitrator( s) required to complete the Tribunal shall be selected as provided in this Rule 6, and either party may request CPR in writing, with copy to the other party, to proceed pursuant to this Rule 6.

6.2 The written request may be made as follows:

a. If a party has failed to appoint the arbitrator to be appointed by it, or the parties have failed to appoint the arbitrator(s) to be appointed by them through agreement, at any time after such failure has occurred.

b. If the party-appointed arbitrators have failed to appoint the third arbitrator, as soon as the procedure contemplated by Rule 5.2 has been completed.

c. If the arbitrator(s) are to be appointed by CPR, as soon as the notice of defense is due.

6.3 The written request shall include complete copies of the notice of arbitration and the notice of defense or, if the dispute is submitted under a submission agreement, a copy of the agreement supplemented by the notice of arbitration and notice of defense if they are not part of the agreement.

6.4 Except where a party has failed to appoint the arbitrator to be appointed by it, CPR shall proceed as follows:

a. Promptly following receipt by it of the request provided for in Rule

6.3, CPR shall convene the parties in person or by telephone to attempt to select the arbitrator(s) by agreement of the parties.

b. If the procedure provided for in (a) does not result in the selection of the required number of arbitrators, CPR shall submit to the parties a list, from the CPR Panels, of not less than five candidates if one arbitrator

remains to be selected, and of not less than seven candidates if two or three arbitrators are to be selected. Such list shall include a brief statement of each candidate's qualifications. Each party shall number the candidates in order of preference, shall note any objection it may have to any candidate, and shall deliver the list so marked to CPR and to the other party. Any party failing without good cause to return the candidate list so marked within 10 days after receipt shall be deemed to have assented to all candidates listed thereon. CPR shall designate as arbitrator(s) the nominee(s) willing to serve for whom the parties collectively have indicated the highest preference and who appear to meet the standards set forth in Rule 7. If a tie should result between two candidates, CPR may designate either candidate. If this procedure for any reason should fail to result in designation of the required number of arbitrators or if a party fails to participate in this procedure, CPR shall appoint a person or persons whom it deems qualified to fill any remaining vacancy.

6.5 Where a party has failed to appoint the arbitrator to be appointed by it, CPR shall appoint a person whom it deems qualified to serve as such arbitrator

**Rule 7: Qualifications, Challenges And Replacement Of Arbitrator(s)**

7.1 Each arbitrator shall be independent and impartial.

7.2 By accepting appointment, each arbitrator shall be deemed to be bound by these Rules and any modification agreed to by the parties, and to have represented that he or she has the time available to devote to the expeditious process contemplated by these Rules.

7.3 Each arbitrator shall disclose in writing to the Tribunal and the parties at the time of his or her appointment and promptly upon their arising during the course of the arbitration any circumstances that might give rise to justifiable doubt regarding the arbitrator's independence or impartiality. Such circumstances include bias, interest in the result of the arbitration, and past or present relations with a party or its counsel.

7.4 No party or anyone acting on its behalf shall have any ex parte communications concerning any matter of substance relating to the proceeding with any arbitrator or arbitrator candidate, except that a party may advise a candidate for appointment as its party-appointed arbitrator of the general nature of the case and discuss the candidate's qualifications, availability, and independence and impartiality with respect to the parties, and a party may confer with its party-appointed arbitrator regarding the selection of the chair of the Tribunal. As provided in Rule 5.4(d), no party or anyone acting on its behalf shall have any ex parte communications relating to the case with any arbitrator or arbitrator candidate designated or appointed pursuant to Rule 5.4.

7.5 Any arbitrator may be challenged if circumstances exist or arise that give rise to justifiable doubt regarding that arbitrator's independence or impartiality, provided that a party may challenge an arbitrator whom it has appointed only for reasons of which it becomes aware after the appointment has been made.

7.6 A party may challenge an arbitrator only by a notice in writing to CPR, with copy to the Tribunal and the other party, given no later than 15 days after the challenging party (i) receives notification of the appointment of that arbitrator, or (ii) becomes aware of the circumstances specified in Rule 7.5, whichever shall last occur. The notice shall state the reasons for the challenge with specificity. The notice shall not be sent to the Tribunal when the challenged arbitrator is a party-designated arbitrator selected as provided in Rule 5.4; in that event, CPR may provide each member of the Tribunal with an opportunity to comment on the substance of the challenge without disclosing the identity of the challenging party.

7.7 When an arbitrator has been challenged by a party, the other party may agree to the challenge or the arbitrator may voluntarily withdraw. Neither of these actions implies acceptance of the validity of the challenge.

7.8 If neither agreed disqualification nor voluntary withdrawal occurs, the challenge shall be decided by CPR, after providing the non-challenging party and each member of the Tribunal with an opportunity to comment on the challenge.

7.9 In the event of death, resignation or successful challenge of an arbitrator not appointed by a party, a substitute

arbitrator shall be selected pursuant to the procedure by which the arbitrator being replaced was selected. In the event of the death, resignation or successful challenge of an arbitrator appointed by a party, that party may appoint a substitute arbitrator; provided, however, that should that party fail to notify the Tribunal (or CPR, if the Tribunal has been constituted as provided in Rule 5.4) and the other party of the substitute appointment within 20 days from the date on which it becomes aware that the opening arose, that party's right of appointment shall lapse and the Tribunal shall promptly request CPR to appoint a substitute arbitrator forthwith.

7.10 In the event that an arbitrator fails to act or is de jure or de facto prevented from duly performing the functions of an arbitrator, the procedures provided in Rule 7.9 shall apply to the selection of a replacement. If the parties do not agree on whether the arbitrator has failed to act or is prevented from performing the functions of an arbitrator, either party may request CPR to make that determination forthwith.

7.11 If the sole arbitrator or the chair of the Tribunal is replaced, the successor shall decide the extent to which any hearings held previously shall be repeated. If any other arbitrator is replaced, the Tribunal in its discretion may require that some or all prior hearings be repeated.

### Rule 8: Challenges To The Jurisdiction Of The Tribunal

8.1 The Tribunal shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

8.2 The Tribunal shall have the power to determine the existence, validity or scope of the contract of which an arbitration clause forms a part. For the purposes of challenges to the jurisdiction of the Tribunal, the arbitration clause shall be considered as separable from any contract of which it forms a part.

8.3 Any challenges to the jurisdiction of the Tribunal, except challenges based on the award itself, shall be made not later than the notice of defense or, with respect to a counterclaim, the reply to the counterclaim; provided, however, that if a claim or counterclaim is later added or amended such a challenge may be made not later than the response to such claim or counterclaim.

### C. **RULES WITH RESPECT TO THE CONDUCT OF THE ARBITRAL PROCEEDINGS**

### Rule 9: General Provisions

9.1 Subject to these Rules, the Tribunal may conduct the arbitration in such manner as it shall deem appropriate. The chair shall be responsible for the organization of arbitral conferences and hearings and arrangements with respect to the functioning of the Tribunal.

9.2 The proceedings shall be conducted in an expeditious manner. The Tribunal is empowered to impose time limits it considers reasonable on each phase of the proceeding, including without limitation the time allotted to each party for presentation of its case and for rebuttal. In setting time limits, the Tribunal should bear in mind its obligation to manage the proceeding firmly in order to complete proceedings as economically and expeditiously as possible.

9.3 The Tribunal shall hold an initial pre-hearing conference for the planning and scheduling of the proceeding. Such conference shall be held promptly after the constitution of the Tribunal, unless the Tribunal is of the view that further submissions from the parties are appropriate prior to such conference. The objective of this conference shall be to discuss all elements of the arbitration with a view to planning for its future conduct. Matters to be considered in the initial pre-hearing conference may include, inter alia, the following:

> a. Procedural matters (such as setting specific time limits for, and manner of, any required discovery; the desirability of bifurcation or other separation of the issues in the arbitration; the desirability and practicability of consolidating the arbitration with any other proceeding; the scheduling of conferences and hearings; the scheduling of pre-hearing memoranda; the need for and type of record of conferences and hearings, including the need for transcripts; the amount of time allotted to each party for presentation of its case and for rebuttal; the mode, manner and order for presenting proof; the need for expert witnesses and how expert testimony should be presented; and the necessity for any on-site inspection by the Tribunal);

b. The early identification and narrowing of the issues in the arbitration;

c. The possibility of stipulations of fact and admissions by the parties solely for purposes of the arbitration, as well as simplification of document authentication;

d. The possibility of appointment of a neutral expert by the Tribunal; and

e. The possibility of the parties engaging in settlement negotiations, with or without the assistance of a mediator. After the initial conference, further pre-hearing or other conferences may be held as the Tribunal deems appropriate.

9.4 In order to define the issues to be heard and determined, the Tribunal may, inter alia, make pre-hearing orders and instruct the parties to file more detailed statements of claim and of defense, and pre-hearing memoranda. 9.5 Unless the parties have agreed upon the place of arbitration, the Tribunal shall fix the place of arbitration based upon the contentions of the parties and the circumstances of the arbitration. The award shall be deemed made at such place. The Tribunal may schedule meetings and hold hearings wherever it deems appropriate

### Rule 10: Applicable Law(s) And Remedies

10.1 The Tribunal shall apply the substantive law(s) or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the Tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

10.2 Subject to Rule 10.1, in arbitrations involving the application of contracts, the Tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

10.3 The Tribunal may grant any remedy or relief, including but not limited to specific performance of a contract, which is within the scope of the agreement of the parties and permissible under the law(s) or rules of law applicable to the dispute.

10.4 The Tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law

### Rule 11: Discovery

The Tribunal may require and facilitate such discovery as it shall determine is appropriate in the circumstances, taking into account the needs of the parties and the desirability of making discovery expeditious and cost-effective. The Tribunal may issue orders to protect the confidentiality of proprietary information, trade secrets and other sensitive information disclosed in discovery.

### Rule 12: Evidence And Hearings

12.1 The Tribunal shall determine the manner in which the parties shall present their cases. Unless otherwise determined by the Tribunal or agreed by the parties, the presentation of a party's case shall include the submission of a prehearing memorandum including the following elements:

a. A statement of facts;

b. A statement of each claim being asserted;

c. A statement of the applicable law and authorities upon which the party relies;

d. A statement of the relief requested, including the basis for any damages claimed; and

e. A statement of the nature and manner of presentation of the evidence, including the name, capacity and subject of testimony of any witnesses to be called and an estimate of the amount of time required for each witness's direct testimony.

12.2 If either party so requests or the Tribunal so directs, a hearing shall be held for the presentation of evidence and oral argument. Testimony may be presented in written and/or oral form as the Tribunal may determine is appropriate. The Tribunal is not required to apply the rules of evidence used in judicial proceedings, provided, however, that the Tribunal shall apply the lawyer-client privilege and the work product immunity. The Tribunal shall determine the applicability of any privilege or immunity and the admissibility, relevance, materiality and weight of the evidence offered.

12.3 The Tribunal, in its discretion, may require the parties to produce evidence in addition to that initially offered. It may also appoint neutral experts whose testimony shall be subject to cross-examination and rebuttal.

12.4 The Tribunal shall determine the manner in which witnesses are to be examined. The Tribunal shall have the right to exclude witnesses from hearings during the testimony of other witnesses.

**Rule 13: Interim Measures Of Protection**

13.1 At the request of a party, the Tribunal may take such interim measures as it deems necessary, including measures for the preservation of assets, the conservation of goods or the sale of perishable goods. The Tribunal may require appropriate security as a condition of ordering such measures.

13.2 A request for interim measures by a party to a court shall not be deemed incompatible with the agreement to arbitrate or as a waiver of that agreement

**Rule 14: The Award**

14.1 The Tribunal may make final, interim, interlocutory and partial awards. With respect to any interim, interlocutory or partial award, the Tribunal may state in its award whether or not it views the award as final for purposes of any judicial proceedings in connection therewith.

14.2 All awards shall be in writing and shall state the reasoning on which the award rests unless the parties agree otherwise. The award shall be deemed to be made at the seat of arbitration and shall contain the date on which the award was made. When there are three arbitrators, the award shall be made and signed by at least a majority of the arbitrators.

14.3 A member of the Tribunal who does not join in an award may file a dissenting opinion. Such opinion shall not constitute part of the award.

14.4 Executed copies of awards and of any dissenting opinion shall be delivered by the Tribunal to the parties.

14.5 Within 15 days after receipt of the award, either party, with notice to the other party, may request the Tribunal to interpret the award; to correct any clerical, typographical or computation errors, or any errors of a similar nature in the award; or to make an additional award as to claims or counterclaims presented in the arbitration but not determined in the award. The Tribunal shall make any interpretation, correction or additional award requested by either party that it deems justified within 30 days after receipt of such request. Within 15 days after delivery of the award to the parties or, if a party requests an interpretation, correction or additional award, within 30 days after receipt of such request, the Tribunal may make such corrections and additional awards on its own initiative as it deems appropriate. All interpretations, corrections, and additional awards shall be in writing, and the provisions of this Rule 14 shall apply to them.

14.6 The award shall be final and binding on the parties, and the parties will undertake to carry out the award without delay. If an interpretation, correction or additional award is requested by a party, or a correction or additional award is made by the Tribunal on its own initiative as provided in Rule 14.5, the award shall be final and binding on the parties when such interpretation, correction or additional award is made by the Tribunal or upon the expiration of the time periods provided in Rule 14.5 for such interpretation, correction or additional award to be made, whichever is earlier.

14.7 The dispute should in most circumstances be submitted to the Tribunal for decision within six months after the

initial pre-hearing conference required by Rule 9.3. The final award should in most circumstances be rendered within one month thereafter. The parties and the Tribunal shall use their best efforts to comply with this schedule.

## D. MISCELLANEOUS RULES

### Rule 15: Failure To Comply With Rules

Whenever a party fails to comply with these Rules, or any order of the Tribunal pursuant to these Rules, in a manner deemed material by the Tribunal, the Tribunal shall fix a reasonable period of time for compliance and, if the party does not comply within said period, the Tribunal may impose a remedy it deems just, including an award on default. Prior to entering an award on default, the Tribunal shall require the non-defaulting party to produce evidence and legal argument in support of its contentions as the Tribunal may deem appropriate. The Tribunal may receive such evidence and argument without the defaulting party's presence or participation.

### Rule 16: Costs

16.1 Each arbitrator shall be compensated on a reasonable basis determined at the time of appointment for serving as an arbitrator and shall be reimbursed for any reasonable travel and other expenses.

16.2 The Tribunal shall fix the costs of arbitration in its award. The costs of arbitration include:

    a. The fees and expenses of members of the Tribunal;

    b. The costs of expert advice and other assistance engaged by the Tribunal;

    c. The travel and other expenses of witnesses to such extent as the Tribunal may deem appropriate;

    d. The costs for legal representation and assistance and experts incurred by a party to such extent as the Tribunal may deem appropriate;

    e. The charges and expenses of CPR with respect to the arbitration;

    f. The costs of a transcript; and

    g. The costs of meeting and hearing facilities.

16.3 Subject to any agreement between the parties to the contrary, the Tribunal may apportion the costs of arbitration between or among the parties in such manner as it deems reasonable, taking into account the circumstances of the case, the conduct of the parties during the proceeding, and the result of the arbitration.

16.4 The Tribunal may request each party to deposit an appropriate amount as an advance for the costs referred to in Rule 16.2, except those specified in subparagraph (d), and, during the course of the proceeding, it may request supplementary deposits from the parties. Any such funds shall be held and disbursed in such a manner as the Tribunal may deem appropriate.

16.5 If the requested deposits are not paid in full within 20 days after receipt of the request, the Tribunal shall so inform the parties in order that jointly or severally they may make the requested payment. If such payment is not made, the Tribunal may suspend or terminate the proceeding.

16.6 After the proceeding has been concluded, the Tribunal shall return any unexpended balance from deposits made to the parties as may be appropriate.

### Rule 17: Confidentiality

Unless the parties agree otherwise, the parties, the arbitrators and CPR shall treat the proceedings, any related discovery and the decisions of the Tribunal, as confidential, except in connection with judicial proceedings ancillary to the arbitration, such as a judicial challenge to, or enforcement of, an award, and unless otherwise required by law or to protect a legal right of a party. To the extent possible, any specific issues of confidentiality should be raised

with and resolved by the Tribunal.

**Rule 18: Settlement And Mediation**

18.1 Either party may propose settlement negotiations to the other party at any time. The Tribunal may suggest that the parties explore settlement at such times as the Tribunal may deem appropriate.

18.2 With the consent of the parties, the Tribunal at any stage of the proceeding may arrange for mediation of the claims asserted in the arbitration by a mediator acceptable to the parties. The mediator shall be a person other than a member of the Tribunal. Unless the parties agree otherwise, any such mediation shall be conducted under the CPR Mediation Procedure.

18.3 The Tribunal will not be informed of any settlement offers or other statements made during settlement negotiations or a mediation between the parties, unless both parties consent.

**Rule 19: Actions Against CPR Or Arbitrator(s)**

Neither CPR nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these Rules.

**Rule 20: Waiver**

A party knowing of a failure to comply with any provision of these Rules, or any requirement of the arbitration agreement or any direction of the Tribunal, and neglecting to state its objections promptly, waives any objection thereto.