# EXHIBIT 1



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

Thomas P. Gies
(202) 624-2690
tgies@crowell.com

April 25, 2005

1220:rls
101517.0000001

Michael Chimitris, Esq.
Vice President & Associate General Counsel
General Growth Properties, Inc.
110 North Wacker Drive
Chicago, IL 60606

Re:   John G. McLaughlin Notice of Demand for Arbitration

Dear Mr. Chimitris:

Pursuant to Section 9(b) of the Executive Agreement between The Rouse Company and John G. McLaughlin dated May 18, 2004 (the "Agreement"), enclosed please find a Notice of Arbitration on behalf of John G. McLaughlin, hereby demanding and commencing arbitration against General Growth Properties, Inc. ("GGP") regarding certain benefits owed to him by GGP under the Agreement.

Pursuant to the Center for Public Resources' Rules for Non-Administered Arbitration, I look forward to receiving your Notice of Defense within twenty (20) days after receiving this Notice of Arbitration.

I remain interested in trying to resolve this dispute amicably and encourage you to contact me if GGP has a settlement offer to present to Mr. McLaughlin that may further this goal.

Sincerely,

Thomas P. Gies /RS

Thomas P. Gies

Enclosure

cc:   John G. McLaughlin
      Marvin Johnson, Esq.

## NOTICE OF ARBITRATION

Pursuant to the Center for Public Resources Institute for Dispute Resolution Rules for Non-Administered Arbitration ("the Rules"), John G. McLaughlin hereby serves notice of the commencement of arbitration against General Growth Properties, Inc. ("GGP") and demands that this dispute be referred to arbitration pursuant to the Rules.

The full names and addresses of the parties are as follows:

| | |
|---|---|
| John G. McLaughlin (Claimant) | General Growth Properties, Inc. (Respondent) |
| c/o Thomas P. Gies | c/o Michael Chimitris |
| Crowell & Moring, LLP | 110 North Wacker Drive |
| 1001 Pennsylvania Avenue, NW | Chicago, IL 60606 |
| Washington, D.C. 20004 | |

The text of the arbitration clause at issue, contained in the May 18, 2004 Executive Agreement between The Rouse Company and John G. McLaughlin ("the Agreement"), is as follows:

> Section 9(b) <u>Arbitration</u>. Subject to the rights of the Company pursuant to Section 12(d), any dispute arising out of or relating to this Agreement or the breach, termination or validity thereof, which has not been resolved by nonbinding means as provided in Section 9(a) within 60 days of the initiation of such procedure, shall be finally settled by arbitration conducted expeditions in accordance with the Center for Public Resources, Inc., ("CPR") Rules for Non-Administered Arbitration of Business Disputes by three independent and impartial arbitrators, of whom each party shall appoint one, provided that if one party has requested the other to participate in a non-binding procedure and the other has failed to participate, the requesting party may initiate arbitration before the expiration of such period. Any such party shall be appointed from the CPR Panels of Neutrals. The arbitration shall be governed by the United States Arbitration Act and any judgment upon the award decided upon the arbitrators may be entered by any court having jurisdiction thereof. The arbitrators are not empowered to award damages in excess of compensatory damages. Each party hereby acknowledges that compensatory damages include (without limitation) any benefit or right of indemnification given by another party to the other under this Agreement.

The general nature of Mr. McLaughlin's claim is as follows:

Mr. McLaughlin's employment was terminated without cause by letter on or about October 27, 2004, in connection with the merger of The Rouse Company ("Rouse") with General Growth Properties, Inc. ("GGP"). At the time of his termination, Mr. McLaughlin and Rouse were parties to an Executive Agreement between The Rouse Company (together with its subsidiaries and affiliates) and John G. McLaughlin, dated May 18, 2004 (hereinafter the "Agreement"). The Rouse merger with GGP constituted a Change of Control as defined in Section 1(f) of the Agreement. Mr. McLaughlin now seeks certain benefits owed to him by GGP pursuant to the Agreement.

GGP has breached the terms of this Agreement by failing to provide Mr. McLaughlin all benefits owing to him pursuant to the Agreement including, but not limited to: severance payments under the Rouse Separation Policy; qualified savings plan payments; medical benefits on terms "not less favorable" to Mr. McLaughlin than the benefits "in effect on the date six months prior" to the Operative Date (as defined in the Agreement); the value of a pro rata share of restricted shares and stock options to be awarded for exceptional performance during 2004; and any other benefits provided under the Agreement that Mr. McLaughlin has not yet received. GGP has also breached the Agreement by failing to make retiree medical benefits available to Mr. McLaughlin on terms that are "not less favorable" to Mr. McLaughlin than the benefits that were in effect "six months prior to the Operative Date." GGP has also breached the Agreement by thus far refusing to pay Mr. McLaughlin's attorneys' fees pursuant to Section 9(c) if Mr. McLaughlin seeks to enforce his rights under the Agreement through arbitration. Pursuant to the terms of the Agreement, Mr. McLaughlin is entitled to all aforementioned benefits.

GGP's belated attempt to deprive Mr. McLaughlin of the benefits owed to him by modifying the Rouse Company Separation Policy after the Rouse/GGP merger concluded, in no manner justifies GGP's failure to provide benefits to Mr. McLaughlin or nullifies Mr. McLaughlin's claims.

Mr. McLaughlin seeks all damages available in law and/or equity, as well as payment of his attorneys' fees as provided under Section 9(c) of the Agreement.

Pursant to CPR Rule 3(f), Mr. McLaughlin has selected the following arbitrator:

Marvin Johnson, Esq.
1221 Smith Village Road
Silver Spring, MD 20904

Respectfully submitted,

*Thomas P. Gies / RS*
Thomas P. Gies
Counsel for John G. McLaughlin

Crowell & Moring LLP ■ www.crowell.com ■ Washington ■ Irvine ■ London ■ Brussels



**1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595** ■ **p202 624-2500** ■ **f202 628-5116**

Thomas P. Gies
(202) 624-2690
tgies@crowell.com

April 25, 2005

1220:rls
101517.0000001

Michael Chimitris, Esq.
Vice President & Associate General Counsel
General Growth Properties, Inc.
110 North Wacker Drive
Chicago, IL 60606

Re:   <u>Thomas M. Fitzpatrick Notice of Demand for Arbitration</u>

Dear Mr. Chimitris:

  Pursuant to Section 9(b) of the Executive Agreement between The Rouse Company and Thomas M. Fitzpatrick dated May 18, 2004 (the "Agreement"), enclosed please find a Notice of Arbitration on behalf of Thomas M. Fitzpatrick, hereby demanding and commencing arbitration against General Growth Properties, Inc. ("GGP") regarding certain benefits owed to him by GGP under the Agreement.

  Pursuant to the Center for Public Resources' Rules for Non-Administered Arbitration, I look forward to receiving your Notice of Defense within twenty (20) days after receiving this Notice of Arbitration.

  I remain interested in trying to resolve this dispute amicably and encourage you to contact me if GGP has a settlement offer to present to Mr. Fitzpatrick that may further this goal.

                 Sincerely,

                 Thomas P. Gies /RS

Enclosure

cc: Thomas M. Fitzpatrick
   Marvin Johnson, Esq.

## NOTICE OF ARBITRATION

Pursuant to the Center for Public Resources Institute for Dispute Resolution ("CPR") Rules for Non-Administered Arbitration ("the Rules"), Thomas M. Fitzpatrick hereby serves notice of the commencement of arbitration against General Growth Properties, Inc. ("GGP") and demands that this dispute be referred to arbitration pursuant to the Rules.

The full names and addresses of the parties are as follows:

| | |
|---|---|
| Thomas Fitzpatrick (Claimant) | General Growth Properties, Inc. (Respondent) |
| c/o Thomas P. Gies | c/o Michael Chimitris |
| Crowell & Moring, LLP | 110 North Wacker Drive |
| 1001 Pennsylvania Avenue, NW | Chicago, IL 60606 |
| Washington, D.C. 20004 | |

The text of the arbitration clause at issue, contained in the May 18, 2004 Executive Agreement between The Rouse Company and Thomas M. Fitzpatrick ("the Agreement"), is as follows:

> Section 9(b) <u>Arbitration</u>. Subject to the rights of the Company pursuant to Section 12(d), any dispute arising out of or relating to this Agreement or the breach, termination or validity thereof, which has not been resolved by nonbinding means as provided in Section 9(a) within 60 days of the initiation of such procedure, shall be finally settled by arbitration conducted expeditions in accordance with the Center for Public Resources, Inc., ("CPR") Rules for Non-Administered Arbitration of Business Disputes by three independent and impartial arbitrators, of whom each party shall appoint one, provided that if one party has requested the other to participate in a non-binding procedure and the other has failed to participate, the requesting party may initiate arbitration before the expiration of such period. Any such party shall be appointed from the CPR Panels of Neutrals. The arbitration shall be governed by the United States Arbitration Act and any judgment upon the award decided upon the arbitrators may be entered by any court having jurisdiction thereof. The arbitrators are not empowered to award damages in excess of compensatory damages. Each party hereby acknowledges that compensatory damages include (without limitation) any benefit or right of indemnification given by another party to the other under this Agreement.

The general nature of Mr. Fitzpatrick's claim is as follows:

Mr. Fitzpatrick's employment was terminated without cause by letter on or about October 27, 2004, in connection with the merger of The Rouse Company ("Rouse") with General Growth Properties, Inc. ("GGP"). At the time of his termination, Mr. Fitzpatrick and Rouse were parties to an Executive Agreement between The Rouse Company (together with its subsidiaries and affiliates) and Thomas Fitzpatrick, dated May 18, 2004 (hereinafter the "Agreement"). The Rouse merger with GGP constituted a Change of Control as defined in Section 1(f) of the Agreement. Mr. Fitzpatrick now seeks certain benefits owed to him by GGP pursuant to the Agreement.

GGP has breached the terms of this Agreement by failing to provide Mr. Fitzpatrick all benefits owing to him pursuant to the Agreement including, but not limited to: severance payments under the Rouse Separation Policy; qualified savings plan payments; medical benefits on terms "not less favorable" to Mr. Fitzpatrick than the benefits "in effect on the date six months prior" to the Operative Date (as defined in the Agreement); the value of a pro rata share of restricted shares and stock options to be awarded for exceptional performance during 2004; and any other benefits provided under the Agreement that Mr. Fitzpatrick has not yet received. GGP has also breached the Agreement by thus far refusing to pay Mr. Fitzpatrick's attorneys' fees pursuant to Section 9(c) if Mr. Fitzpatrick seeks to enforce his rights under the Agreement through arbitration. Pursuant to the terms of the Agreement, Mr. Fitzpatrick is entitled to all aforementioned benefits.

GGP's belated attempt to deprive Mr. Fitzpatrick of the benefits owed to him by modifying the Rouse Company Separation Policy after the Rouse/GGP merger concluded, in no manner justifies GGP's failure to provide benefits to Mr. Fitzpatrick or nullifies Mr. Fitzpatrick's claims.

Mr. Fitzpatrick seeks all damages available in law and/or equity, as well as payment of his attorneys' fees as provided under Section 9(c) of the Agreement.

Crowell & Moring LLP ■ www.crowell.com ■ Washington ■ Irvine ■ London ■ Brussels

Pursant to CPR Rule 3(f), Mr. Fitzpatrick has selected the following arbitrator:

Marvin Johnson, Esq.
1221 Smith Village Road
Silver Spring, MD 20904

_Thomas P. Gies / RS_
Thomas P. Gies
Counsel for Thomas M. Fitzpatrick



1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

Thomas P. Gies
(202) 624-2690
tgies@crowell.com

April 25, 2005

1220:rls
101517.0000001

**VIA FEDERAL EXPRESS**

Michael Chimitris, Esq.
Vice President & Associate General Counsel
General Growth Properties, Inc.
110 North Wacker Drive
Chicago, IL 60606

Re:   Gordon H. Glenn Notice of Demand for Arbitration

Dear Mr. Chimitris:

Pursuant to Section 9(b) of the Executive Agreement between The Rouse Company and Gordon H. Glenn dated May 18, 2004 (the "Agreement"), enclosed please find a Notice of Arbitration on behalf of Gordon H. Glenn, hereby demanding and commencing arbitration against General Growth Properties, Inc. ("GGP") regarding certain benefits owed to him by GGP under the Agreement.

Pursuant to the Center for Public Resources' Rules for Non-Administered Arbitration, I look forward to receiving your Notice of Defense within twenty (20) days after receiving this Notice of Arbitration.

I remain interested in trying to resolve this dispute amicably and encourage you to contact me if GGP has a settlement offer to present to Mr. Glenn that may further this goal.

Sincerely,

Thomas P. Gies / RS
Thomas P. Gies

Enclosure

cc:   Gordon H. Glenn
      Marvin Johnson, Esq.

## NOTICE OF ARBITRATION

Pursuant to the Center for Public Resources Institute for Dispute Resolution Rules for Non-Administered Arbitration ("the Rules"), Gordon H. Glenn hereby serves notice of the commencement of arbitration against General Growth Properties, Inc. ("GGP") and demands that this dispute be referred to arbitration pursuant to the Rules.

The full names and addresses of the parties are as follows:

| | |
|---|---|
| Gordon H. Glenn (Claimant) | General Growth Properties, Inc. (Respondent) |
| c/o Thomas P. Gies | c/o Michael Chimitris |
| Crowell & Moring, LLP | 110 North Wacker Drive |
| 1001 Pennsylvania Avenue, NW | Chicago, IL 60606 |
| Washington, D.C. 20004 | |

The text of the arbitration clause at issue, contained in the May 18, 2004 Executive Agreement between The Rouse Company and Gordon H. Glenn ("the Agreement"), is as follows:

> Section 9(b) <u>Arbitration</u>. Subject to the rights of the Company pursuant to Section 12(d), any dispute arising out of or relating to this Agreement or the breach, termination or validity thereof, which has not been resolved by nonbinding means as provided in Section 9(a) within 60 days of the initiation of such procedure, shall be finally settled by arbitration conducted expeditions in accordance with the Center for Public Resources, Inc., ("CPR") Rules for Non-Administered Arbitration of Business Disputes by three independent and impartial arbitrators, of whom each party shall appoint one, provided that if one party has requested the other to participate in a non-binding procedure and the other has failed to participate, the requesting party may initiate arbitration before the expiration of such period. Any such party shall be appointed from the CPR Panels of Neutrals. The arbitration shall be governed by the United States Arbitration Act and any judgment upon the award decided upon the arbitrators may be entered by any court having jurisdiction thereof. The arbitrators are not empowered to award damages in excess of compensatory damages. Each party hereby acknowledges that compensatory damages include (without limitation) any benefit or right of indemnification given by another party to the other under this Agreement.

The general nature of Mr. Glenn's claim is as follows:

> Mr. Glenn's employment was terminated without cause by letter on or about October 27, 2004, in connection with the merger of The Rouse Company ("Rouse") with General Growth Properties, Inc. ("GGP"). At the time of his termination, Mr. Glenn and Rouse were parties to an Executive Agreement between The Rouse Company (together with its subsidiaries and affiliates) and Gordon H. Glenn, dated May 18, 2004 (hereinafter the "Agreement"). The Rouse merger with GGP constituted a Change of Control as defined in Section 1(f) of the Agreement. Mr. Glenn now seeks certain benefits owed to him by GGP pursuant to the Agreement.
>
> GGP has breached the terms of this Agreement by failing to provide Mr. Glenn all benefits owing to him pursuant to the Agreement including, but not limited to: severance payments under the Rouse Separation Policy; qualified savings plan payments; medical benefits on terms "not less favorable" to Mr. Glenn than the benefits "in effect on the date six months prior" to the Operative Date (as defined in the Agreement); the value of a pro rata share of restricted shares and stock options to be awarded for exceptional performance during 2004; and any other benefits provided under the Agreement that Mr. Glenn has not yet received. GGP has also breached the Agreement by failing to make retiree medical benefits available to Mr. Glenn on terms that are "not less favorable" to Mr. Glenn than the benefits that were in effect "six months prior to the Operative Date." GGP has also breached the Agreement by thus far refusing to pay Mr. Glenn's attorneys' fees pursuant to Section 9(c) if Mr. Glenn seeks to enforce his rights under the Agreement through arbitration. Pursuant to the terms of the Agreement, Mr. Glenn is entitled to all aforementioned benefits.
>
> GGP's belated attempt to deprive Mr. Glenn of the benefits owed to him by modifying the Rouse Company Separation Policy after the Rouse/GGP merger concluded, in no manner justifies GGP's failure to provide benefits to Mr. Glenn or nullifies Mr. Glenn's claims.

Mr. Glenn seeks all damages available in law and/or equity, as well as payment of his attorneys' fees as provided under Section 9(c) of the Agreement.

Pursant to CPR Rule 3(f), Mr. Glenn has selected the following arbitrator:

Marvin Johnson, Esq.
1221 Smith Village Road
Silver Spring, MD 20904

Respectfully submitted,

*Thomas P. Gies /RS*
Thomas P. Gies
Counsel for Gordon H. Glenn

# EXHIBIT 2


General Growth Properties, Inc.

**Michael Chimitris**
Vice President & Associate General Counsel
Phone: (312) 960-5245
Fax: (312) 960-5993
E-mail: Michael.Chimitris@generalgrowth.com

May 25, 2005

Thomas P. Gies
Crowell Moring
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Re: **Conflict of Interest**

Dear Tom:

On May 10, 2005, it came to our attention that you formerly represented The Rouse Company ("TRC") prior to GGP's acquisition of TRC. We have subsequently retrieved and reviewed a number of your past invoices and discovered that you represented TRC in employment matters generally, and specifically in connection with ERISA matters and the interpretation, application and proposed or actual amendment of TRC's separations policy. You now directly represent several individuals (specifically, Gordon H. Glenn, Thomas M. Fitzpatrick, and John G. McLaughlin) making ERISA and contract claims related to their employment with TRC, and you are making claims on their behalf under the TRC separations policy.

As you know, Rule 1.9 (a) of the Rules of Professional Conduct of the District of Columbia (as well as Rule 1.9 (a) of the rules in Illinois, Florida and Maryland) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter... represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation.

We have no record of your ever having consulted with us regarding this conflict of interest, let alone any record of consent. In addition, other rules exist governing a lawyer's use of client confidences, and there appears to be a high probability that your firm is using confidences or secrets gained in your former representation of TRC to our disadvantage and to the advantage of the executives. We believe these violations of the Rules of Professional Conduct trigger the consequences outlined below.

110 North Wacker Drive
Chicago, Illinois 60606
312-960-5000
fax 312-960-5475
www.generalgrowth.com



First, you and your firm must immediately cease representing any person (including Glenn, Fitzpatrick and McLaughlin) whose interests are materially adverse to us with respect to any employment or ERISA claims or claims based upon an executive agreement with TRC or based upon TRC's separations policy. Absent your firm's immediate withdrawal from representation of all of the executives, including withdrawal from representation in the pending arbitration, we will take all steps available to remedy the conflict.

Second, we ask that you immediately send us all files (including electronic files) relating to any matter in which you or your firm represented TRC or any of its affiliates.

Third, be advised that, given this conflict of interest, your clients have no right to reimbursement of fees arising from your firm's representation. Simply put, in addition to the previously-stated reasons regarding the executives' lack of entitlement to fees, we will not pay for any fees incurred in connection with representation that violated the rules of professional conduct.

We are also investigating whether your communications with, joint representation of, and provision of legal services to all of the executives and their counsel has resulted in a similar violation of the rules of professional conduct by the other lawyers involved in the executives' dispute. If so, we will proceed with imputed disqualification proceedings, and we believe this conflict of interest will also have an adverse impact on the executives' alleged right to recover fees.

Tom, if you believe you have in fact obtained the proper consent after consultation, or if you otherwise believe a conflict of interest does not exist, please contact me as soon as possible so that we can better understand what occurred.

Sincerely,

Michael Chimitris

cc:   Ronald L. Gern
      Eric Macey