**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| General Growth Properties, Inc.    ) | ) |

General Growth Properties, Inc.   )
   )
                Plaintiff,   )
      v.   )
   )       Case No. 1:05CV01436
Gordon Glenn, John McLaughlin   )
and Thomas Fitzpatrick,   )
   )
           Defendants )
   )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**TO STRIKE DEFENDANT'S REPLY OR FILE A SURREPLY**

**I.    Defendants Timely Filed their Reply Brief**

The motion of General Growth Properties, Inc. (GGP) to strike the defendant

Executives' Reply Memorandum as untimely is not well-founded.  GGP's

Opposition Memorandum was filed and served electronically on August 26, 2005.

Under Local Rule 7, a reply memorandum must be filed "within five days after

service of the memorandum in opposition . . . ."  Under Fed. R. Civ. P. 6, when the

period of time prescribed in a court rule is less than 11 days, weekends and holidays

are not to be included in computing time, and three additional days are to be added

to the prescribed time when service is made (as it was by GGP) under Fed. R. Civ.

P. Rule 5(b)(2) (D) (electronic service using the Court's internet transmission

facility).

Under these Rules, the Executives had eight non-holiday weekdays after August 26, 2005 to file a reply memorandum. Thus, August 27 and 28 (weekend days) are not included in the computation; the five days from August 29 to September 2 are included; and the next three days, September 3, 4 and 5, are not included because they are a weekend and Labor Day, respectively. The remaining three days of the allowable eight day reply period fell on September 6, 7 and 8, 2005. The Executives timely filed their Reply Memorandum on September 8. As such, there is no reason to strike it as untimely.

## II.    The Court Should Deny GGP's Motion to File a Surreply

The standard for granting leave to file a surreply is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp.2d 56 at 61 (D.D.C. 2001). GGP does not contend that the Executives raised any new matters in their Reply Memorandum, but instead claims a right to a surreply because the Executives allegedly made a "material misstatement" in it.

There was no such misstatement. GGP's May 25, 2005 letter to the Executives lawyers (Exhibit 2 (at p. 2) to the Executives' Reply Memorandum) states that GGP is using the disqualification issue as a defense to paying attorneys' fees as provided under the Executive Agreements:

> [B]e advised that, given this conflict of interest, your clients have no right to reimbursement of fees arising from your firm's representation. Simply put, in addition to the previously-stated reasons regarding the executives' lack of entitlement to fees, we will not pay for any fees

incurred in connection with representation that violated the rules of professional conduct.

The Executives also made this point in their opening Memorandum at p. 8 ("GGP has also used the alleged disqualification as a basis for refusing to pay the Defendants' attorneys' fees as required by Section 9(c) of the Agreement"), to which GGP chose not to respond in its Opposition Memorandum.

Thus, the Executives' Reply Memorandum contained no misstatement, as GGP has explicitly asserted the alleged conflict of interest as a defense to payment of attorneys fees under the Executive Agreement. For this reason, the Executives request that GGP's Motion to Strike or in the Alternative to File a Surreply be denied.

Respectfully submitted,

Barry E. Cohen (D.C. Bar No. 180505)
Thomas P. Gies (D.C. Bar No. 943340)
Rebecca L. Springer (D.C. Bar No. 465982)
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2500

Counsel for Defendants

September 26, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2005 I caused Defendants' Opposition to Plaintiff's Motion to Strike or in the Alternative File a Surreply to be served by first class mail, postage prepaid upon:

Alexander J. May
Brasses & Baldwin, P.A.
112 West Street
Annapolis, MD 21401

Eric N. Macey
Vincent M. Roche
Novack and Macey, LLP
100 N. Riverside Plaza
Chicago, IL 60606

Rebecca L. Springer

2265967